FILED

Filing # 86235297 E-Filed 03/12/2019 11:17:30 AM

2019 APR 16  PM 12: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

## IN THE CIRCUIT COURT OF THE TWENITH JUDICIAL CIRCUIT
## IN AND FOR CHARLOTTE COUNTY, FLORIDA

THEODORE HANUS,

    Plaintiff,

vs.                         Case No:   19000268CA

KOHL'S DEPARTMENT STORES, INC.,    2:19 ev-243-FtM-99uAh

    Defendant,
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

    COMES NOW the Plaintiff, THEODORE HANUS (hereinafter "MR.HANUS"), by and through the undersigned counsel, who hereby sues the Defendant, KOHL'S DEPARTMENT STORES, INC. (hereinafter "KOHL'S"), and alleges as follows:

1. This is an action for damages that exceed $15,000.00, exclusive of interest, costs and attorney's fees.

2. At all times material to this action, MR. HANUS was a resident of the State of Florida and is subject to the jurisdiction of this Court.

3. At all times material to this action, KOHL'S owned and/or operated the business located at 19600 Cochran Boulevard in Port Charlotte, Charlotte County, Florida, 33948. As more specifically alleged herein, KOHL'S committed a tortious act in Charlotte County, Florida.

4. Venue is appropriate in this court because the cause of action accrued in Charlotte County, Florida.

5. On December 19, 2017 MR. HANUS, who is handicap, was a patron of KOHL'S when he fell and sustained serious injuries (hereinafter "Incident"). While shopping at KOHL'S on that date, the wheel of his motorized wheelchair got caught on the leg of a clothing rack (hereinafter "Rack") that was not visible. MR. HANUS started to tip over in his wheelchair and reached out to grab a nearby display table (hereinafter "Table") to stop himself from completely tipping over. The Table's wheels/casters were not locked, so it slid out from under MR. HANUS and caused him to fall on his right side.

## COUNT I – STANDARD NEGLIGENCE

6. MR. HANUS re-alleges and incorporates by reference the allegations contained in paragraphs(s) 1 through 5 as if fully set forth herein.

7. KOHL'S had actual knowledge of MR. HANUS' presence on its property. As such, KOHL'S owed MR. HANUS the duty to exercise reasonable care.

8. KOHL'S was actively negligent and breached the duty owed to MR. HANUS in ways including, but not necessarily limited to: failing to lock the casters/wheels of the Table.

9. As a direct and proximate result of KOHL'S breach described above, MR. HANUS sustained injuries and damages including but not limited to: physical and mental injury and resulting pain and suffering; loss of capacity for the enjoyment of life; permanent scarring; a permanent

Injury, or the permeant aggravation of a pre-existing condition; the need to seek aid and services of doctors, hospitals, and/or other medical services for treatment; and expenditures of money for such care and treatment. These injuries/damages are permanent and will continue into the future.

WHEREFORE, MR. HANUS hereby demands judgment for damages against KOHL'S and such other relief as the Court may deem proper.

## COUNT II – PREMISES LIABILITY NEGLIGENCE

10.     MR. HANUS re-alleges and incorporates by reference the allegations contained in paragraphs(s) 1 through 5 as if fully set forth herein

11.     The Rack and the Table (hereinafter collectively referred to as the "Dangerous Conditions") were both in the exclusive custody, care and control of KOHL'S at all times material to this action.

12.     Inasmuch as MR. HANUS was a patron/customer of KOHL'S, KOHL'S owed him a duty to maintain the premises in a reasonably safe condition and to warn of any known, hidden dangers.

13.     KOHL'S breached the duties it owed to MR. HANUS in ways including but not limited to the following:

a.  KOHL'S created the Dangerous Conditions;

b.  KOHL'S had actual or constructive knowledge of the Dangerous Conditions and allowed them to remain on the

3

premises for an unreasonable amount of time without taking measures to correct or warn of them;

c. KOHL'S failed to take reasonable care to prevent such Dangerous Conditions from existing on the premises by failing to monitor such Dangerous Conditions that pose foreseeable harm to patrons and by failing to reasonably train employees about such hazards;

d. KOHL'S failed to take reasonable care by not having or utilizing a reasonable inspection procedure to discover such Dangerous Conditions and the dangers posed by them;

e. KOHL'S failed to comply with one or more industry standards regarding the floor plan set up and/or layout of the area where the incident occurred;

f. KOHL'S failed to comply with its own safety procedures;

14.      As a direct and proximate result of KOHL'S breach of one or more of the foregoing duties, MR. HANUS sustained injuries and damages including but not limited to: physical and mental injury and resulting pain and suffering; loss of capacity for the enjoyment of life; permanent scarring; a permanent injury, or the permeant aggravation of a pre-existing condition; the need to seek aid and services of doctors, hospitals, and/or other medical services for treatment; and expenditures of money for such care and treatment. These injuries/damages are permanent and will continue into the future.

4

WHEREFORE, MR. HANUS hereby demands judgment for damages against KOHL'S and such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

MR. HANUS herby demands a trial by jury on all issues so triable.

## DESIGNATION OF PRIMARY E-MAIL ADRESS

MR. HANUS designates the following primary e-mail address for service of pleadings and papers:  kenneth@hancocklawpa.com.

*/s/Kenneth Hancock*
Kenneth A. Hancock, FBN. 0017317
HANCOCK LAW, P.A.
Primary: kenneth@hancocklawpa.com
Secondary: carlv@hancocklawpa.com
12653 SW C.R. 769, Suite D
Lake Suzy, FL 34269
P: (941) 979-5226; F: (941) 979-5229
*Attorney for the Plaintiff*